UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARC SCARPACI,<br>Plaintiff<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br>Defendant | CIVIL ACTION NO. 15-CV-11525-FDS<br><br>**DEFENDANT'S REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT** |

In response to the Motion for Summary Judgment by the Defendant Lowe's Home Centers, LLC ("Lowe's"), the Plaintiff Marc Scarpaci submitted an Opposition, Memorandum in Support of his Opposition, Response to Defendant's Concise Statement of Undisputed Facts and Statement of Additional Material Facts ("Plaintiff's Statement") and an Appendix to Plaintiff's Response (collectively, the "Opposition"). Lowe's submits this Reply to specifically address misstatements of law and fact contained in the Opposition in three regards – (1) tolling arguments regarding the expiration of the statute of limitations; (2) assertions that there are disputed issues of fact regarding the Wage Act claims; and (3) assertions that there are disputed issues of fact regarding the breach of contract claim. In addition to this Reply, Lowe's files its Response to the Plaintiff's Statement of Additional Facts[1] ("Defendant's Response") and rests upon that Response and its prior filings with respect to other arguments raised by the Plaintiff in the Opposition that are not addressed herein.

In his Opposition, the Plaintiff asserts that the statute of limitations for his misclassification claim under the Wage Act in Count I should be equitably tolled due to alleged

[1] In the Plaintiff's Statement, the Plaintiff responded to only 22 of the 107 numbered paragraphs contained in the Defendant's Concise Statement of Undisputed Material Facts ("Defendant's Statement"). Accordingly, Lowe's requests that the facts contained in paragraphs 1-6, 8-12, 14, 16, 21-33, 35, 37-41, 43, 44, 50, 53-59, 61-63, 65-77, 79-88, 91-107 of the Defendant's Statement be deemed undisputed and admitted for the purposes of the present Motion. Fed. R. Civ. Pro. 56(e)(2); Local Rule 56.1.

fraudulent concealment and alleged "representations of possible future employment" by Lowe's. As discussed in more detail below, the Plaintiff's Wage Act claim accrued no later than November 18, 2011, when the Plaintiff received his last paycheck reflecting payment for work performed and was on clear notice that Lowe's had not paid him overtime. There are no facts that support his claims that Lowe's fraudulently concealed or lulled the Plaintiff into not asserting his claims and therefore equitable tolling does not apply.

The Plaintiff further claims that summary judgment is not warranted on the misclassification claim and his breach of contract claim because of alleged issues of material fact. Neither of the Plaintiff's arguments is supported by the record. As discussed more fully below, the alleged issues of fact referenced by the Plaintiff are not issues of fact but rather mischaracterizations of the record evidence.

## ARGUMENT

### A. Any Alleged Violation Of The Wage Act Is Barred By The Three Year Statute Of Limitations.

#### 1. The Plaintiff's claim accrued no later than November 18, 2011.

A complaint alleging violations of M.G.L. c. 148 § 150 must be filed "within 3 years after the violation." The Plaintiff has admitted that he did not actively work after going out on leave on November 15, 2011. Defendant's Statement of Fact, ¶¶ 15, 102, admitted by Plaintiff. His last paycheck for time actually worked was direct deposited on November 18, 2011, more than three years before the filing of his Complaint on December 31, 2014. Defendant's Appendix – 71. Thereafter, he was not eligible for overtime because it is undisputed that he did not perform any actual work for Lowe's once his leave began. Defendant's Statement of Fact, ¶¶ 15, 102, admitted by Plaintiff. As such, the latest possible date that the alleged violation of the statute occurred was the final paycheck for work performed on November 18, 2011.

**2. Equitable tolling based upon fraudulent concealment does not apply in these circumstances.**

In an attempt to avoid the statute of limitations, the Plaintiff claims that it should be tolled due to alleged fraudulent concealment by Lowe's. Curiously, as support for this argument, the Plaintiff cites to Crocker v. Townsend Oil Co., 464 Mass. 1, 7 (2012). Even a cursory reading of Crocker makes clear that equitable tolling due to fraudulent concealment has no application to the circumstances present here.

Under the discovery rule, limitations periods in Massachusetts run from the time a plaintiff discovers, or reasonably should have discovered, the underlying harm (here the failure to pay overtime) for which relief is sought. Id. at 8. When a defendant fraudulently conceals a cause of action from the knowledge of the plaintiff, the statute of limitations is tolled under G.L. c. 260, §12. Id. Absent a fiduciary or other special duty, active fraud is ordinarily required to prove fraudulent concealment. Id. at 9.

In Crocker, the plaintiffs claimed that they were owed compensation, including overtime, due to the misclassification by the defendant of the plaintiffs as independent contractors, rather than employees. Crocker, 464 Mass. at 8. The plaintiffs argued that the statute of limitations should be tolled due to the defendant allegedly fraudulently concealing their true status as employees in order to avoid paying them wages. Id. The Supreme Judicial Court rejected this argument, reasoning that the defendant in no way attempted to conceal the requisite information from which the plaintiffs might conclude they were in fact employees. Id. at 9. "The facts surrounding the nature of the employment relationship were known to all parties at all relevant times." Id. As such, equitable tolling based upon fraudulent concealment did not apply.

In the case at bar, Lowe's made no effort to conceal the requisite information from which the Plaintiff might conclude that he was not being paid overtime. To the contrary, the Plaintiff has admitted that he was well aware of such facts (facts that were made available to him by

Lowe's) long before he even went out on leave in November 2011. Such facts include the following:

- In his roles as Operations Manager and Assistant Store Manager, the Plaintiff always worked in excess of forty (40) hours per week and the actual number of hours fluctuated between 58 and 65 hours. Plaintiff's Statement, ¶24; Pl. Memo, pp. 14.

- The Plaintiff's paychecks from Lowe's were directly deposited in his bank account. Defendant's Statement of Fact, ¶ 23, admitted by Plaintiff.

- The Plaintiff accessed "Lowe's Net" and printed out his pay stubs for these payments. Defendant's Statement of Fact, ¶ 24, admitted by Plaintff; Pay stubs produced by the Plaintiff, Defendant's App – 153-217.

- The pay stubs state the compensation paid to the Plaintiff while he worked in the positions of Operations Manager and Assistant Store Manager. Pay stubs produced by the Plaintiff, Defendant's App – 153-217.

- While employed in those positions, the amount of compensation never fluctuated despite the varying number of hours that he actually worked.[2] Defendant's App – 64-72; Scarpaci Transcript, p. 22, Defendant's App – 123; Defendant's Statement, ¶¶ 22-27, admitted by the Plaintiff. See n. 1, *infra.*

Accordingly, the Plaintiff possessed all of the facts necessary to reach a conclusion that he was not being paid overtime and that a violation of the Wage Act had allegedly occurred. There was no "active" fraud by Lowe's that would toll the statute of limitations.[3]

### 3. Equitable tolling does not arise from the Plaintiff's applications for transfer.

The Plaintiff also asserts that the statute of limitations should be tolled because he applied for other positions when he was out on leave.[4] In a related vein, the Plaintiff asserts that because

---

[2] Each bi-weekly paystub also contains a reference to "80 hours" which never fluctuated. Defendant's Statement of Facts, ¶¶26, 27, admitted by Plaintiff; Pay stubs produced by the Plaintiff, App – 153-217.

[3] The Plaintiff also asserts that the statute of limitations should be tolled because Lowe's did not provide him with his personnel file, which it admitted had been lost. Consistent with Crocker, this loss of the personnel file cannot be deemed "active fraud" or support a claim of fraudulent concealment and is a red herring. The Plaintiff was provided with a pay stub every two weeks that gave him all the information necessary to determine that he was not being paid overtime. His personnel file would not provide him any different information from what was stated on his bi-weekly pay stub and deposited in his accounts. Indeed, if the Plaintiff's argument were correct, the statute of limitations would be tolled in perpetuity for employment claims where the employer has lost the employee's personnel file. The Plaintiff has not cited any support for such an overbroad application of the equitable tolling doctrine.

his employment status was not terminated until November 14, 2012, that date should serve as the accrual date for his claims. Neither argument has merit.

The Plaintiff's alleged Wage Act claims arise not from whether he was an employee but rather whether he should have been paid overtime when he was working. Where the only challenged employment practice occurred before the termination date, the limitations period necessarily commences to run before that date. Wheatley v. American Tel. & Tel. Co., 418 Mass. 394, 400 (1994), citing Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S.Ct. 498, 504 (1980). Clearly, the challenged employment practice here (non-payment of overtime) last occurred in November 2011 and the termination of the Plaintiff's employment status is simply irrelevant. Compare Wheatley, 418 Mass. at 397-399 (employee was notified that lay-off would occur if employee unable to obtain other positions within company within a "transition period;" because termination notice was equivocal, age discrimination claim arising from termination did not accrue until termination actually occurred).

As support for his assertion of equitable tolling here, the Plaintiff cites to a Superior Court decision, Ross v. Raytheon, 464 Mass. L. Rptr. 27 (2001), which has no application to the present circumstances. In Ross, the plaintiff worked as an engineer for Raytheon who began looking for other positions inside the company as the program he was working on for Raytheon was coming to a close. Id. at *1. Ross alleged that he was denied a position he applied for in the company due to age in violation of G.L. c. 151B. He further claimed that the company subsequently promised him another position he applied for that ultimately did not come to fruition. Id. His employment was terminated in September 1998. Id.

[4] The Plaintiff claims in his Statement of Additional Facts that he applied for positions while he was out on leave. This assertion has not been properly authenticated and should not be considered. Further, there is no factual assertion by the Plaintiff that he was promised any other position or that he would even be considered. Defendant's Response, ¶¶ 29, 30.

Raytheon sought to dismiss the age discrimination claim on statute of limitations grounds, arguing that Ross did not file his claim until November 1998, a year after the alleged discriminatory act (notification that he would be laid off on a future date). Id. at * 2. Citing Wheatley, the Superior Court rejected this argument, however, reasoning that, "[i]n light of Ross's continued attempts at employment within Raytheon during this transition period and the possibility that Ross may have prejudiced his employment efforts had he filed his claim with the MCAD, the limitations period should be tolled until . . . the date of his termination." Id. at *3.[5]

The circumstances in the present case are markedly different from Ross and Wheatley and much more akin to Delaware State College v. Ricks. Here, the eventual removal of the Plaintiff from employment status after he failed to return from leave was entirely unrelated to whether he should have been paid overtime when he was actively working. Instead, the claim to challenge that employment action (classification as exempt and non-payment of overtime) accrued when he was paid for his last active work in November 2011. See Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S.Ct. 498, 504 (1980) (discrimination claim accrued when employee notified of denial of tenure and forthcoming termination of employment, not when employment, in fact, terminated). Accordingly, there is no basis to apply equitable tolling and the Plaintiff's claims are untimely.

**B. The Plaintiff's Attempts To Create Genuine Issues Of Material Fact Regarding The Plaintiff's Classification As Exempt Are Unavailing.**

Despite taking issue with few of the facts asserted in the Defendant's Statement, see n. 1, *infra*, the Plaintiff argues that issues of material fact exist on the question of whether the Plaintiff was properly classified as exempt. These efforts, however, are based on numerous mischaracterizations of the evidence that are not supported by the record. In many instances,

---

[5] The Court further stated, "if Ross had been successful in obtaining other employment with Raytheon, it is highly unlikely that he would have brought a discrimination claim." Id.

those assertions are directly contradicted by the record. The following highlight several of the most significant factual mischaracterizations:[6]

- Plaintiff's Assertion. "While the Plaintiff was responsible for the performance of his direct and indirect reports, he had no authority to take steps to enforce or compel employee performance," Def. Memo, p. 3. "The Plaintiff testified that in his particular job, he had no authority to direct the work of the employees, but that he could only ask them to complete their assigned work responsibilities, and had no ability to enforce consequences for failure to do so." Pl. Memo, p. 11. "The Plaintiff maintains that while he could refer a particular matter to Human Resources and give a factual report of what happened, he did not have the authority to recommend discipline and Human Resources never asked him for his opinion regarding discipline." Pl. Memo, p. 14.

  **Response:** These statements are false or misleading. The Plaintiff testified that if an employee failed to complete tasks assigned to him or her, he would refer the matter to Human Resources if the circumstances warranted discipline. Scarpaci Transcript pp. 128-129, Defendant's App – 142-143. The Plaintiff testified that he understood that when he went to Human Resources with an employee issue, he was recommending that the employee receive discipline. Scarpaci Transcript, p. 130, Defendant's App – 143. When the Plaintiff did walk throughs of the store he had authority to direct employees to do their jobs, or even stop employees from doing whatever activity they may be engaged in. Scarpaci Transcript pp. 135-136, Defendant's App – 144. Employees understood that they were expected to follow his instructions. Scarpaci Transcript p. 136, Defendant's App – 144.[7]

- Plaintiff's Assertion. "While the Plaintiff conducted interviews of potential new hires, those interviews were rote, with the questions, potential answers, and recommended answer ratings supplied by Lowe's. The Plaintiff's role was merely to administer a tightly controlled interview process. The Plaintiff's involvement in the interview process required no independent thought or discretion . . . ." Pl. memo, p. 4; repeated generally at page 11.

  **Response:** This statement is false. In the Plaintiff's resume, which he testified was accurate, the Plaintiff stated that he recruited and hired staff in the Haverhill and Saugus stores. Plaintiff's resume, Defendant's App. 219-220; Scarpaci Transcript p. 95-96, Defendant's App – 136. Moreover, the Plaintiff testified that he would rate the candidates he interviewed based upon their answers and that

---

[6] Lowe's refers the Court to the Defendant's Response to the Plaintiff's Statement of Additional Facts for a more fulsome listing on the liberties that the Plaintiff has taken with the facts.

[7] In the Opposition, the Plaintiff also relies heavily on his assertions that he lacked the ability to make final decisions about hiring and employee discipline. The Department of Labor regulations make clear, however, that the employee need not have ultimate authority on hiring or employee discipline or other changes in employment status - their suggestions or recommendations need only be given "particular weight." 29 CFR § 541.100(a). The Plaintiff also asserts that he lacked authority to terminate employees or grant raises. In its Motion, however, Lowe's does not assert the contrary to support its position.

Human Resources would review those ratings to determine whether or not to hire the individual. Plaintiff's App – 77. See n. 7, *infra*.

- Plaintiff's Assertion. "The Plaintiff's principle (sic) and primary duties were manual in nature, such as stocking the store, assisting customers, and cleaning." Pl. Memo, p. 3.

  **Response:** This statement is false. During the relevant timeframe, the Plaintiff was employed in two different positions, Operations Manager and Assistant Store Manager. The job description of Operations Manager states that the general description/purpose of the position is, in pertinent part, "**2nd in command of the store. Responsible for all store functions, activities and store employees** . . . ." (emphasis added). The Plaintiff admitted that this statement was accurate. See Defendant's Statement of Fact, ¶ 50, admitted by the Plaintiff. Likewise, as an Assistant Store Manager the Plaintiff was one of the highest ranking managers in the store having similar management responsibilities to that of the Operations Manager. See Defendants' Statement of Facts, ¶¶ 66-77, all of which have been admitted by the Plaintiff.

- Plaintiff's Assertion. "His performance reviews . . . include statements from the Store Managers asking the Plaintiff to focus on his manual tasks, indicating that they are of primary importance." Pl. Memo, p. 12.

  **Response:** This statement is not supported by record evidence. As support for this statement, the Plaintiff cites to a single statement in one performance review in 2009 that states, "you need to Execute the daily 8's throughout the store: Pricing, J-Hooks, Side Stacks, Full Shelves, IRP, Clean/Dusted, Working Displays and Zone Recovery . . . ." Defendant's App – 120. There is no definition in the record of the terms used or further explanation in the record of whether he was expected to engage in the tasks himself or ensure that others accomplished these tasks. Moreover, the Plaintiff has admitted that his performance was evaluated not on manual tasks, but on overall store performance and his leadership. See Defendant's Statement, ¶¶ 53 and 73, admitted by the Plaintiff.[8]

- Plaintiff's Assertion. "The Plaintiff maintains that, in fact, work completion deadlines were controlled by Lowe's, were inflexible, and that he had no authority or ability to extend those deadlines." Pl. Memo, p. 13.

  **Response:** The evidence supports the exact opposite of this statement. When asked if he had the ability to extend deadlines for employees, the Plaintiff testified

---

[8] Even if true, the Plaintiff's claim that he dedicated a significant amount of time to manual tasks that other employees also performed is not dispositive. In fact, the Court has expressly held that such facts are not fatal to classifying an employee as exempt. See e.g. Velazquez-Fernandez v. NCE Foods, Inc., 476 F.3d 6 (1st Cir. 2007) (holding that a warehouse general manager qualified for the executive exemption where he also performed clerical and manual tasks); Donovan v. Burger King, 672 F.2d 221, 226 (1st Cir. 1982) (holding that assistant managers of a Burger King had management as their primary duty despite performing many of the same tasks as hourly employees).

> that "it depends on the situation" but ultimately acknowledged that there were situations where he could extend deadlines. Scarpaci Transcript pp. 125-126, Defendant's App – 142.

In light of the foregoing examples, as well as those set forth in the Defendant's Response, it is abundantly clear that the Plaintiff's primary duty was management and no genuine issue of material fact exists in that regard.

**C. The Plaintiff Has Similarly Presented No Evidence That Would Create A Disputed Issue Of Material Fact Regarding His Claim That There Was A Contract By Which Lowe's Agreed To Pay Him Overtime.**

The Plaintiff's argument that issues of fact on his breach of contract claim preclude summary judgment are similarly based upon mischaracterizations of the testimony and evidence. It is undisputed that the Plaintiff was paid on a salary basis while he was employed in the positions of Operations Manager and Assistant Store Manager. Defendant's Statement of Fact, ¶¶ 22-28, admitted by the Plaintiff; Defendant's App – 64-72, 153-217. It is similarly undisputed that the Plaintiff was aware he was being paid on a salary basis. Id. It is also undisputed that he *never* complained during his employment about the manner in which he was being paid. Defendant's Statement of Fact, ¶ 28, admitted by the Plaintiff. This clearly suggests that there was no contract entered to the effect that the Plaintiff would be paid overtime.

In order to create a genuine issue of fact, the Plaintiff needs to produce admissible evidence to suggest the opposite – that a contract *was* entered. This he has not done. In his Opposition, he states without any record support that "no one ever told him during his tenure . . . that he was being paid on a salary, rather than an hourly, basis" and that "he was being paid an hourly wage and that his hours were being arbitrarily capped at 40 hours per week." Pl. Memo, pp. 17. These assertions should be given no weight.

In his deposition testimony, the Plaintiff freely admitted that he cannot point to a single communication wherein Lowe's proposed to pay him overtime compensation while he was

employed in the positions of Operations Manager and Assistant Store Manager. Scarpaci Transcript, pp. 50-51, Defendant's App – 128. He admitted that he likely had conversations about his compensation with Lowe's. Scarpaci Transcript, pp. 33-34, Defendant's App – 126. When pressed, he testified that he may have been informed he would be paid on a salary basis, but then indicated that he just couldn't recall one way or the other. Id. The absence of evidence contradicting the existence of a contract certainly does not warrant the conclusion that there is a question of fact that there *was* such a contract. This is underscored by three things – that such a contract would fly in the face of the parties' course of conduct; that such a contract is belied by the total absence of complaint by the Plaintiff regarding his paycheck even while he was allegedly working 18 to 25 hours of overtime *each and every* week for a period of many years; and that such a contract defies common sense.

The sole factual reference to overtime offered by the Plaintiff are several Lowe's job descriptions that state "Salaried or Salaried + Overtime." Plaintiff's Statement, ¶¶ 19-22. These documents, however, are insufficient to create an issue of fact as asserted by the Plaintiff. First, the Plaintiff states that he was never given certain job descriptions for the managerial positions he held in the last several years of his employment. Plaintiff's Statement, ¶18. Second, he does not indicate that he ever received the job descriptions he references. Plaintiff's Statement, ¶¶ 19-22. Third, the job descriptions he references are outdated. It is undisputed that the job descriptions in effect for the positions the Plaintiff held during the relevant timeframe state that the positions of Operations Manager and Assistant Store Manager were salaried. Defendant's Statement, ¶21, admitted by Plaintiff. Fourth, the Plaintiff's paystubs clearly show that he was paid on a salary basis – a fixed rate of compensation regardless of the number of hours he worked. Defendant's App – 153-217. Finally, the Plaintiff has offered nothing from which the Court could conclude which status – "Salaried" or "Salaried + Overtime" – applied to him.

Accordingly, the Plaintiff has failed to present any evidence that is sufficient to create an issue of material fact as to the existence of a contract by which Lowe's agreed to pay him overtime.

## CONCLUSION

For the reasons set forth above and as stated in Lowe's original Motion pleadings, this Court should grant Lowe's summary judgment on all counts of the Plaintiff's claims and dismiss this case in its entirety.

Respectfully submitted,

**LOWE'S HOME CENTERS, LLC,**

By its attorneys,

/s/ Richard C. Van Nostrand

Richard C. Van Nostrand, BBO #507900
Michael P. Murphy, BBO #654053
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: (508) 860-1453
Fax: (508) 207-9347
Email: rvannostrand@mirickoconnell.com
mmurphy@mirickoconnell.com

Dated: June 20, 2016

## CERTIFICATE OF SERVICE

I, Richard C. Van Nostrand, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by U.S. first-class mail.

/s/ Richard C. Van Nostrand
Richard C. Van Nostrand, Esq.

Dated: June 20, 2016